UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KATHLEEN LOWDEN, et al.,

    Plaintiffs,

  v.

T-MOBILE USA, INC.,

    Defendant.

NO. C05-1482P

ORDER GRANTING DEFENDANT'S MOTION TO STAY PROCEEDINGS PENDING APPEAL

    This matter comes before the Court on Defendant's motion to stay proceedings pending appeal. (Dkt. No. 32). Having reviewed the materials submitted by the parties and the balance of the record, the Court GRANTS Defendant's motion. This matter is hereby STAYED pending Defendant's appeal of the Court's order denying Defendant's motion to compel arbitration. The reasons for the Court's order are set forth below.

**Background**

    In this putative class action, Plaintiffs are bringing claims against Defendant T-Mobile USA, Inc. for breach of contract and violations of Washington's Consumer Protection Act. On April 13, 2006, the Court denied T-Mobile's motion to compel arbitration, finding among other things that the class action restrictions in T-Mobile's arbitration agreements are substantively unconscionable under Washington law. T-Mobile has appealed the Court's denial of its motion to compel arbitration. T-Mobile now moves to stay proceedings in this Court this while its appeal is pending.

ORDER - 1

**Analysis**

The parties disagree about the proper standard for determining whether district court proceedings should be stayed during the appeal of an order refusing to compel arbitration. T-Mobile relies on <u>Britton v. Co-op Banking Group</u>, 916 F.2d 1405 (9th Cir. 1990), where the Ninth Circuit held:

> The system created by the Federal Arbitration Act allows the district court to evaluate the merits of the movant's claim, and if, for instance, the court finds that the motion presents a substantial question, to stay the proceeding pending an appeal from its refusal to compel arbitration. This is a proper subject for the exercise of discretion by the trial court.

<u>Id.</u> at 1412.

Plaintiffs argue that <u>Britton</u> does not provide that a stay is justified simply because the defendant's motion to compel arbitration presents a "substantial question." Instead, they argue that "[t]he Ninth Circuit rule is the rule applicable to all stays and involves a four part test" – namely:

(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits;

(2) whether the applicant will be irreparably injured absent a stay;

(3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and

(4) where the public interest lies.

T-Mobile does not dispute that these four factors are relevant and has addressed each factor in its briefing. The parties' disagreement largely boils down to whether a stay may be issued if T-Mobile raises "substantial questions" regarding the merits of its appeal, or whether T-Mobile must make a "strong showing" that it is likely to succeed on appeal.

Under Ninth Circuit law, "[t]he standard for evaluating stays pending appeal is similar to that employed by district court in deciding whether to grant a preliminary injunction." <u>Lopez v. Heckler</u>, 713 F.2d 1432, 1435 (9th Cir. 1983). A party may obtain a preliminary injunction either by: (1) showing a probability of success on the merits and the possibility of irreparable injury; or (2)

ORDER - 2

1  demonstrating that serious legal questions are raised and that the balance of hardships tips sharply in

2  its favor. Id.  As a result, T-Mobile may obtain a stay if its appeal presents serious legal questions and

3  the balance of equities tips sharply in its favor.

4        1.    Merits of Defendant's Appeal

5        The Court finds that T-Mobile's appeal presents serious legal questions.  In particular,

6  Washington law is not clear on whether class action restrictions in consumer arbitration agreements

7  are enforceable.  Although the Washington Supreme Court may address this issue in the near future,

8  the issue is not well-settled at this time.

9        2.    Injury to Defendant

10       T-Mobile maintains that it will suffer significant hardships if this matter is not stayed pending

11 appeal.  The company notes that if the Court's decision denying arbitration is reversed by the Ninth

12 Circuit, the litigation expenses incurred by T-Mobile in the interim would defeat the cost-limiting

13 purpose of their arbitration agreements.  The Court agrees that such expenses would constitute a

14 significant hardship.

15       3.    Injury to Plaintiffs

16       T-Mobile argues that Plaintiffs' individual claims in this matter are small and that any delay in

17 adjudicating those claims would not appear to cause appreciable harm to Plaintiffs.  Plaintiffs offer no

18 compelling response to this argument.  Indeed, Plaintiffs indicate in their opposition brief that T-

19 Mobile's allegedly unlawful practices cause damages of "a dollar or two a month" to T-Mobile's

20 Washington consumers.  Therefore, the Court finds that Plaintiffs would not suffer significant injury if

21 this matter were stayed pending appeal.

22       4.    Public Interest

23       Finally, T-Mobile contends  that the public interest would be best served by issuing a stay

24 because it would promote judicial economy.  The Court agrees.  As noted by the court in C.B.S.

25 Employees Federal Credit Union v. Donaldson, Lufkin & Jenrette Securities Corp., 716 F. Supp. 307,

ORDER - 3

310 (W.D. Tenn. 1989), it "does not make sense for this Court to expend its time and energy preparing this case for trial and possibly trying it only to learn at a later date from the court of appeals that it was not the proper forum to hear the case."

**Conclusion**

Considering the factors discussed above, the Court finds that T-Mobile's pending appeal presents serious legal questions and that the balance of equities tips sharply in favor of granting T-Mobile's request for a stay. Therefore, proceedings in this Court on this matter are hereby STAYED pending T-Mobile's appeal of the Court's order denying Defendant's motion to compel arbitration.

The clerk is directed to provide copies of this order to all counsel of record.

Dated:   July 10, 2006

                                                s/Marsha J. Pechman
                                                Marsha J. Pechman
                                                United States District Judge

ORDER - 4